**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STEPHEN GBEJULE ODAIBO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:25-CV-02743 |
| | § | |
| NOVARTIS PHARMACEUTICALS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
**<u>PURSUANT TO RULE 12(B)</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................3

STANDARD OF REVIEW ....................................................................................................5

ARGUMENT .........................................................................................................................8

      I.       Plaintiff's Claims Are Clearly Barred by the Statute of Limitations......................8

CONCLUSION.....................................................................................................................12

CERTIFICATE OF SERVICE .............................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................5

*Brewer v. Gonzales*,
    No. 4:23-CV-1836, 2024 WL 4282090 (S.D. Tex. Sept. 24, 2024)......................10

*Brossette v. City of Baton Rouge*,
    29 F.3d 623 (5th Cir. 1994) ...............................................................................6

*Canada Hockey LLC v. Marquardt*,
    No. 4:17-CV-181, 2023 WL 2787978 (S.D. Tex. Apr. 5, 2023).......................6, 9

*Carrillo v. Buendia*,
    No. 2:20-CV-28, 2020 WL 4584380 (S.D. Tex. Aug. 10, 2020) ...........................7

*Carter v. Target Corp.*,
    541 Fed. App'x 413 (5th Cir. 2013) ...................................................................7

*Carter v. Target Corp.*,
    541 Fed. Appx. 413 (5th Cir. 2013)................................................................6, 7, 9

*Champion v. PlainsCapital Bank*,
    No. 7:18-CV-341, 2020 WL 8330195 (S.D. Tex. Nov. 12, 2020) (Crane, J.) .......10

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
    653 F. Supp. 3d 359 (S.D. Tex. 2023) .................................................................7

*Floyd v. CIBC World Markets, Inc.*,
    426 B.R. 622 (S.D. Tex. 2009) ...........................................................................11

*Garden City Boxing Club, Inc. v. Johnson*,
    552 F. Supp. 2d 611 (N.D. Tex. 2008) ............................................................6, 8

*Hershey v. Energy Transfer Partners, L.P.*,
    610 F.3d 239 (5th Cir. 2010) .............................................................................5

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) .............................................................................5

*Jordan v. Sony BMG Music Entm't Inc.*,
    354 Fed. Appx. 942 (5th Cir. 2009)....................................................................6

*Kane Enters. v. MacGregor (USA) Inc.*,
    322 F.3d 371 (5th Cir. 2003) ............................................................... 6

*Martinelli v. Hearst Newspapers, L.L.C.*,
    65 F.4th 231 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2561, 219 L. Ed. 2d 1227
    (2024) .................................................................................................... 9

*Morales v. Prudential Fin., Inc.*,
    No. CIV. M-08-235, 2009 WL 311109 (S.D. Tex. Feb. 5, 2009) (Crane, J.)....................6, 7

*Owens v. BAC Homes Loans Servicing, LP*,
    No. H-11-2742, 2013 WL 1345209 (S.D. Tex. 2013)........................................9, 10

*Richardson v. Wal-Mart Stores Tex., LLC*,
    192 F. Supp.3d 719 (S.D. Tex. 2016) ........................................................... 5

*Roe v. United States*,
    839 Fed. Appx. 836 (5th Cir. 2020)............................................................6, 11

*Salinas v. Ford Motor Co.*,
    No. 7:15-CV-11, 2016 WL 8461424 (S.D. Tex. May 13, 2016) (Crane, J.).......................7

**Statutes**

Copyright Act of 1976, 17 U.S.C. § 507(b) (2012) ..................................................1, 5, 8

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................1, 5

Defendant Novartis Pharmaceuticals Corporation ("Defendant" or "NPC") respectfully moves the Court to dismiss Plaintiff Stephen Gbejule Odaibo's ("Plaintiff" or "Odaibo") First Amended Complaint (the "Amended Complaint") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff's Amended Complaint strikes the key temporal allegation and time-stamped supporting exhibit from his original pleading in a transparent attempt to conceal what is already plain:  This suit alleges a garden-variety copyright infringement claim wholly barred by the Copyright Act's three-year statute of limitations.  Copyright Act of 1976, 17 U.S.C. § 507(b) (2012) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").

Through this action, Plaintiff, a Texas resident with a retina practice in Houston, seeks to recover 1% of NPC's global gross revenue for the retinal drug Beovu, a human vascular endothelial growth factor ("VEGF") inhibitor used to treat neovascular (wet) age-related macular degeneration ("AMD") and diabetic macular edema ("DME").  Plaintiff's First Amended Complaint ("Am. Compl.") (D.E. 9) at pp. 8-9, ¶ 1.  Plaintiff seeks this recovery, demanding "no less than $11 Million," on the grounds that NPC sales representatives in the US purportedly viewed an educational video that Plaintiff had posted publicly on YouTube called "Macular Degeneration: Causes, Symptoms, and Treatments."  *Id*. ¶¶ 14-16, 20, pp. 8-9 ¶ 1.  But, as the exhibit on which Plaintiff bases his claim confirms, the only alleged instance of supposedly infringing activity he can point to occurred on February 19, 2019, ***over six years ago***.  Plaintiff's Original Complaint ("Orig. Compl.") (D.E. 1) at Ex. A, pp. 40, 43 (attached hereto as <u>Exhibit 1</u>); Am. Compl. ¶ 20.  In particular, Plaintiff alleges that during a NPC training program for the team

that would be responsible for Beovu in the US, "people" "sen[t] around great you tube videos," including, allegedly, Plaintiff's video on YouTube.  *Id.*  This alleged event took place "[o]n February 19, 2019," as reflected by the date and time stamped on the face of the exhibit he quotes to bring his claim (and as Plaintiff himself alleged in his Original Complaint).  *Id.*

Whatever the February 19, 2019 message referred to, one fact is undeniable:  It happened over six years ago, and Plaintiff learned of it ***the very day it occurred***.  *Id.*  As the exhibit reflects, an NPC sales representative notified Plaintiff of the facts that form the basis for his claim on ***February 19, 2019***.  *Id.*  Yet despite receiving immediate, actual notice of what he now claims is infringing activity, Plaintiff does not contend that he investigated it—and the supporting exhibit confirms that he in fact did not—***for over five years***.  *See* Am. Compl. ¶ 23 (alleging only that Plaintiff exchanged emails with NPC "[f]or over one year"); *see also* Orig. Compl. at Ex. A, pp. 8, 12, 14, 20, 24, 31, 34 (first raising issue with NPC in February 2024).  Only in February 2024—well after the statute of limitations had elapsed—did Plaintiff attempt to contact NPC.  *Id.*

In his Original Complaint, Plaintiff attached the time-stamped exhibit as evidence.  Orig. Compl. at Ex. A, pp. 40, 43.  In amending his Complaint, however, Plaintiff has conspicuously removed it, though he still directly quotes it to bring his claim.  Am. Compl. ¶ 20 (quoting Orig. Compl. at Ex. A, pp. 40, 43).  And, although Plaintiff has now added broad conclusory claims that there were additional unspecified incidences of infringement that occurred within the statutory period—an assertion notably absent from his Original Complaint—he tellingly does not provide even one detail as to when or where these purported incidents supposedly occurred, or what or who they may have involved.  Plaintiff thus cannot escape the reality that he brought this claim over ***three years*** too late.  Am. Compl. ¶ 20 (quoting Orig. Compl. at Ex. A, pp. 40, 43).

Because the exhibit is central—indeed fundamental—to Plaintiff's cause of action, it is plain from the record before the Court on this Motion that Plaintiff knew or should have known of his claim on February 19, 2019. This case is unequivocally barred by the Copyright Act's three-year statute of limitations and should be dismissed with prejudice.

## BACKGROUND

On June 12, 2025, Plaintiff filed his Original Complaint against NPC, a pharmaceutical corporation based in East Hanover, New Jersey. Orig. Compl. (D.E. 1). On June 13, 2025, Plaintiff served NPC with a copy of the Complaint without its attachments. *See* Proof of Service (D.E. 6). On June 30, 2025, Plaintiff filed and served his Amended Complaint. Am. Compl. (D.E. 9).

The Amended Complaint asserts a single cause of action for copyright infringement against NPC. Am. Compl. ¶¶ 27-38. As the basis for the claim, Plaintiff contends that NPC "proceeded without authorization to obtain, copy, and distribute" an instructional video he posted on YouTube called "Macular Degeneration: Causes, Symptoms, and Treatments" (the "YouTube Video"). *Id.* ¶¶ 14, 16, 30-31. According to Plaintiff, NPC used the YouTube Video to "train[] and equip[] its entire United States national sales force for the express purpose of the . . . launch and continued marketing" of the retinal drug Beovu, for which NPC obtained FDA approval in October 2019. *Id.* ¶¶ 14, 16. But while Plaintiff vaguely asserts that NPC "obtained, viewed, copied, and distributed" the YouTube Video "on multiple occasions until at least Q3 of 2023," he alleges only a single instance of supposed infringement, which purportedly occurred on February 19, 2019. *Id.* ¶¶ 30-31, 20 (alleging that claimed infringement took place at the time of a written message Plaintiff received from a NPC sales representative); Ex. 1 (Orig. Compl. at Ex. A, pp. 40, 43 (showing that the quoted message was sent on February 19, 2019)).

On that date, Plaintiff alleges that "people" "sen[t] around" a YouTube video in which Plaintiff "present[ed] and explain[ed] nAMD" to an audience of patients and caregivers.  Am. Compl. ¶ 20; Ex. 1  (Orig. Compl. at Ex. A, p. 40, 43).  Plaintiff does not specify who circulated the YouTube Video, and he does not contend the video was a component of NPC's corporate training program or that its viewing was sanctioned by NPC.  Am. Compl. ¶ 20.

Even more, Plaintiff learned about the alleged viewing of the YouTube Video ***the same day it occurred***.  *Id*. at ¶ 20 (alleging that Plaintiff was informed of the claimed infringement in a written message from an NPC sales representative); Ex. 1 (Orig. Compl. at Ex. A, pp. 40, 43) (showing that the quoted message was sent on February 19, 2019)).  According to Plaintiff, an NPC sales representative sent him a social message to express her excitement at having joined NPC's newly formed retina team.  *Id*.  In the message, she shared that she and other members of the team had been sharing "great you tube videos to aid in [their] learning," and she "thought [he] would get a kick out of" learning that, "***right now***[,]" they were "listening to [him] teach." *Id*. (stating that NPC representatives were watching a video in which Plaintiff "explain[ed] nAMD").  As the time-stamp on Plaintiff's exhibit makes clear, Plaintiff received this message on February 19, 2019.  Ex. 1 (Orig. Compl. at Ex. A, pp. 40, 43).  Thus, on the face of the Amended Complaint and the exhibit central to Plaintiff's claim, Plaintiff was aware of the alleged conduct that forms the basis for his claim ***more than six years ago***.

Despite this knowledge, Plaintiff apparently tries to invoke the discovery rule by alleging that he "made multiple unsuccessful attempts to engage with Defendant Novartis" about the alleged infringement.  Am. Compl. ¶ 23.  But while Plaintiff claims to have exchanged emails with NPC for "over one year," he did not first contact NPC until ***February 2024***, well after the limitations period had elapsed.  *See id*. ¶ 23 (alleging that Plaintiff exchanged "several emails"

with NPC "[f]or over one year"); Ex. 1 (Orig. Compl. at Ex. A (reflecting communications between Plaintiff and NPC from February to March 2024 and then again from April to May 2025)).

For the reasons stated below, NPC's motion to dismiss should be granted.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility," as required to survive a motion to dismiss, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A court should not accept threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245-46 (5th Cir. 2010) (internal quotation marks and citation omitted).

In assessing a claim's facial plausibility, the court first separates legal conclusions from well-pled facts. *Richardson v. Wal-Mart Stores Tex., LLC*, 192 F. Supp.3d 719, 722 (S.D. Tex. 2016) (citing *Iqbal*, 556 U.S. at 678-79). Focusing only on the well-pled factual allegations, which must be assumed to be true, the court then determines if the allegations "plausibly give rise to an entitlement of relief." *Id.* (citing *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The Copyright

Act that forms the basis for Plaintiff's claim has a three-year statute of limitations.  17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."); *see also Canada Hockey LLC v. Marquardt*, No. 4:17-CV-181, 2023 WL 2787978, at *2 (S.D. Tex. Apr. 5, 2023).

"The Fifth Circuit applies the discovery rule to determine accrual of a copyright infringement cause of action, meaning such claims accrue when there is actual or constructive discovery of the relevant infringement."  *Canada Hockey*, 2023 WL 2787978, at *2; *see also Jordan v. Sony BMG Music Entm't Inc.*, 354 Fed. Appx. 942, 945 (5th Cir. 2009) (accrual of copyright claim is delayed until plaintiff "knew or had reason to know of the injury upon which the claim is based").  A plaintiff has constructive knowledge of the relevant facts when he has "notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Roe v. United States*, 839 Fed. Appx. 836, 843 (5th Cir. 2020) (quoting *Vigman v. Cmty. Nat'l Bank & Tr. Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).  "The accrual date . . . is judged not from the date the injury ceases, but from the earliest date a plaintiff was or should have been aware of his injury and its connection with the defendant."  *Brossette v. City of Baton Rouge*, 29 F.3d 623 (5th Cir. 1994).  The plaintiff has the burden to demonstrate "that the discovery rule should toll the limitations period."  *Garden City Boxing Club, Inc. v. Johnson*, 552 F. Supp. 2d 611, 616 (N.D. Tex. 2008) (citing *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971)).

In deciding a motion to dismiss, including a motion to dismiss a claim on limitations grounds, a district court may consider documents attached to the defendant's motion if "the complaint refers to the documents and they are central to the claim."  *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Carter v. Target Corp.*, 541 Fed.

Appx. 413, 417 (5th Cir. 2013); *see also Morales v. Prudential Fin., Inc.,* No. CIV. M-08-235, 2009 WL 311109, at *3, fn.1 (S.D. Tex. Feb. 5, 2009) (Crane, J.)  (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Documents "essential to determining . . . whether the [claim was] filed within the applicable statute of limitations" are "central to [the] pleadings," and the plaintiff's "failure to include them does not allow [the] complaint to bypass [a] motion to dismiss unexamined."  *Carter*, 541 Fed. Appx. at 417.  "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  *Id*. at 416-17.

On a motion to dismiss, an allegation that is contradicted by facts disclosed by a document central to the claim and referenced by the complaint is "not accepted as true."  *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (citing *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013)).  Further, "[w]hen amended pleadings are a transparent attempt to conform the facts to the requirements of the cause of action and represent diametrically opposed recollections of events, the Court has discretion to reject the changes as a sham." *Carrillo v. Buendia*, No. 2:20-CV-28, 2020 WL 4584380, at *4 (S.D. Tex. Aug. 10, 2020).  District courts, including this Court, regularly follow this rule and consider documents attached to motions to dismiss when they are central to a plaintiff's cause of action. *See, e.g.*, *Carter*, 541 Fed. App'x at 417 (holding that EEOC charges were properly considered on motion to dismiss because they were referenced in the plaintiff's complaint and "[t]heir contents [we]re essential to determining . . . whether the [charges] were filed within the applicable statute of limitations"); *Morales*, 2009 WL 311109 at *3, fn.1 (Crane, J.) (considering employee benefits plan on motion to dismiss because plan was "central to Plaintiff's claim for benefits under said Plan" and was "specifically referred to in her complaint"); *Salinas v. Ford*

*Motor Co.*, No. 7:15-CV-11, 2016 WL 8461424, at *4, fn.3 (S.D. Tex. May 13, 2016) (Crane, J.) (considering vehicle warranty on motion to dismiss where complaint referenced warranty and warranty was central to the plaintiff's claim).

## ARGUMENT

### I.    Plaintiff's Claims Are Clearly Barred by the Statute of Limitations

Plaintiff's claims are governed by the Copyright Act's three-year statute of limitations and should have been filed, at the latest, by February 19, 2022.  Copyright Act, 17 U.S.C. § 507(b) (2012) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").  There is no question that the Copyright Act, or its three-year statute of limitations, applies.  Am. Compl. ¶¶ 27-38 (asserting cause of action for copyright infringement), pp. 8-9 ¶¶ 1-2 (citing Copyright Act in support of requested relief).

Here, Plaintiff's only non-conclusory allegation of purported copyright infringement is his contention that certain NPC sales representatives viewed the YouTube Video during the time they were undergoing training in connection with NPC's new retinal drug Beovu.  Am. Compl. ¶ 20.  The document that the Amended Complaint quotes to make this allegation states that the alleged viewing took place on February 19, 2019.  Ex. 1 (Orig. Compl. at Ex. A, pp. 40, 43) (quoted at Am. Compl. ¶ 20).  Because the alleged infringement occurred more than three years ago, Plaintiff's claim is barred by the Copyright Act's three-year statute of limitations.  17 U.S.C. § 507(b).

While in some cases the statute of limitations for copyright infringement does not run until the plaintiff discovers the relevant infringement, Plaintiff bears the burden of showing "that the discovery rule should toll the limitations period."  *Garden City*, 552 F. Supp. 2d at 616

(citing *Prather*, 446 F.2d at 340).  Having pled no facts to show he lacked actual or constructive knowledge of the alleged infringement, Plaintiff has wholly failed to meet that burden here.

Nor could he meet that burden, since his own document indisputably shows that Plaintiff had actual knowledge of the alleged infringement more than three years ago.  Plaintiff does not dispute, and the exhibit whose text he quotes to bring his claim confirms, that he was notified of the alleged event the very day it supposedly occurred, in a February 19, 2019 message from an NPC sales representative.  Am. Compl. ¶ 20; Ex. 1 (Orig. Compl. at Ex. A, pp. 40, 43).  Indeed, the February 19, 2019 message forms the ***cornerstone of Plaintiff's Amended Complaint***; he does not allege ***any*** specific instances of infringing activity after that date—within even six years of this lawsuit.  *Id*.  This confirms that any claims arising out of the alleged YouTube Video's viewing should have been filed within three years of February 19, 2019, or by February 19, 2022 at the latest.  *Canada Hockey*, 2023 WL 2787978, at *2 (denying leave to file amended complaint in copyright action because plaintiff discovered the alleged infringement more than three years prior to asserting claims against additional parties); *Carter*, 541 Fed. Appx. at 417 (documents essential to determining whether claim was filed within statute of limitations are properly considered on motion to dismiss).

It is difficult to see how the February 19, 2019 message, which is the basis for the Amended Complaint's only specific allegation of infringement, might not have effected "actual . . . discovery of the relevant infringement."  *Canada Hockey*, 2023 WL 2787978, at *2.  But if it did not, the message at minimum conferred constructive knowledge and put Plaintiff on inquiry notice of his claims.  *See Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 233 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2561, 219 L. Ed. 2d 1227 (2024) (limitations period in copyright action begins running "once the plaintiff knows *or has reason to know* of the injury upon which

the claim is based") (emphasis added); *Owens v. BAC Homes Loans Servicing, LP*, No. H-11-2742, 2013 WL 1345209, at *7 (S.D. Tex. 2013) (statute of limitations runs when a plaintiff receives inquiry notice of a potential claim).

Plaintiff concedes that the message provided specific details of the alleged infringement, including that sixty NPC sales representatives allegedly viewed the YouTube Video as they were undergoing corporate training for their future roles in launching Beovu in the US for NPC.  Am. Compl. ¶ 20; Ex. 1 (Orig. Compl. at Ex. A, pp. 40, 43).  This information would "cause a reasonable person to make inquiry" into a potential claim for copyright infringement arising out of the viewing and is therefore "equivalent to knowledge of the cause of action for limitations purposes."  *Owens*, 2013 WL 1345209, at *7 (internal quotations omitted); *see also Champion v. PlainsCapital Bank*, No. 7:18-CV-341, 2020 WL 8330195, at *6 (S.D. Tex. Nov. 12, 2020) (Crane, J.) (applying a knew—or in exercise of reasonable diligence should have known—standard and holding that if the discovery rule applied, plaintiff's claim accrued when bank "notified Plaintiff of [the] wrongdoing"); *Brewer v. Gonzales*, No. 4:23-CV-1836, 2024 WL 4282090, at *6 (S.D. Tex. Sept. 24, 2024) (dismissing cause of action arising out of deputy sheriff's receipt of allegedly insufficient backpay because it accrued when deputy sheriff received Form 1099, which "would lead a reasonable person to investigate further," and noting that plaintiff in fact did investigate) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001))).

Here, too, Plaintiff "[i]ndeed . . . did investigate further."  *Brewer*, 2024 WL 4282090, at *6.  However, this was not until long after the limitations period had passed.  As reflected in Exhibit A to Plaintiff's Original Complaint, Plaintiff contacted NPC between 2024 and 2025 about the content of the February 19, 2019 message, noting that he had been informed that NPC

used his videos to "train[] the then newly formed retina team in 2019 in preparation to launch RTH258 (Beovu)," and flagging that "[o]ne specific such session was held on Feb 19th, 2019 with approximately 60 sales reps nationally." Ex. 1 (Orig. Compl. at Ex. A, p. 35). The problem of course is that Plaintiff waited more than five years to do so, well outside the three-year statute of limitations. Turning up nothing further, he then did not file this lawsuit until over six years after the only specific alleged act of infringement occurred, and in that complaint he did not allege even one specific fact other than what was referred to in the February 19, 2019 message. Id. Plaintiff cannot show on these facts that he "exercise[d] due diligence" in investigating the information he had. Roe, 839 Fed. Appx. at 843 (quoting Vigman, 635 F.2d at 459).

Although Plaintiff now alleges that NPC engaged in infringing activity "on multiple occasions until at least Q3 of 2023" and that "the last known infringing act . . . occurred less than three years prior to the date of the filing of this complaint," Am. Compl. ¶¶ 30-31, he notably does not assert any specific facts to support that allegation. Plaintiff does not identify a single other specific date on which these purported viewings occurred, let alone a location or any participants. Instead, he just makes a bare, conclusory, fact-free allegation.

"Simply pleading that the alleged misconduct" occurred within the limitations period, "without identifying specific conduct by [NPC], is insufficient to meet Plaintiff's pleading burden." See Floyd v. CIBC World Markets, Inc., 426 B.R. 622, 633 (S.D. Tex. 2009) (conclusory and non-specific allegations insufficient to meet plaintiff's pleading burden). Such threadbare, conclusory allegations do not come close to satisfying the pleading requirements of Iqbal. Indeed, the only specific conduct Plaintiff alleges that he contends NPC engaged in through Q3 of 2023 is that it "continued to sell and market Beovu, listing it as a separate line item on its quarterly financial report as recently as Q3 2023 (published October 23rd, 2023)."

Am. Compl. ¶ 22; *see also id*. ¶ 17 (noting that the financial results of NPC's parent company—not NPC itself—reported revenue from Beovu through Q3 of 2023).  This is patently insufficient to bring Plaintiff's claim within the limitations period.  A high-level general statement that the Novartis group of companies as a whole allegedly continued to market and sell Beovu says nothing about any alleged acts of infringement by NPC within the limitations period.

Accordingly, Plaintiff, by his own admissions, was required to file his claims by February 19, 2022.  Because he did not commence this lawsuit until June 12, 2025, ***over six years after his claim accrued***, his copyright infringement action is time-barred and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss with prejudice.

Dated: July 14, 2025                         Respectfully submitted,

                                             ARNOLD & PORTER KAYE SCHOLER LLP


                                   By:    */s/ Paul C. Llewellyn*
                                          Paul C. Llewellyn* - Attorney-in-Charge
                                          Paul.Llewellyn@arnoldporter.com
                                          New York Bar No. 2763712
                                          250 West 55th Street
                                          New York, NY 10019-9710
                                          Telephone: +1 212.836.8000
                                          Fax: +1 212.836.8689

                                          Amanda S. Thomson
                                          Amanda.Thomson@arnoldporter.com
                                          Texas Bar No. 24082376
                                          S.D. Tex. Bar No. 2932957
                                          700 Louisiana Street, Suite 4000
                                          Houston, TX 77002-2755
                                          Telephone: +1 713.576.2411
                                          Fax: +1 713.576.2499

                                          **COUNSEL FOR DEFENDANT
                                          NOVARTIS PHARMACEUTICALS
                                          CORPORATION**

                                          *\* Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2025, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that, on July 14, 2025, this document is being served on all counsel and parties of record by email.

*/s/ Amanda S. Thomson*
Amanda S. Thomson