IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN GBEJULE ODAIBO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 4:25-CV-02743 |
| NOVARTIS PHARMACEUTICALS CORPORATION, | § § § § | |
| Defendant. | § § § | |

### DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS <u>PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)</u>

### INTRODUCTION

Plaintiff's opposition confirms that he has no basis to allege that NPC committed an infringing act within the Copyright Act's three-year limitations period, and also suggests a lack of candor with this Court.  In Plaintiff's original complaint, he alleged, based on a LinkedIn message that he appended, that NPC's purported actions occurred "[o]n February 19th, 2019." In refiling, he made a strategic amendment in which he continues to cite the full text of the message, but removed the date on which he received it, and also omitted the LinkedIn message itself.  Plaintiff argues that this strategic omission now precludes this Court from considering the date stamped on the only evidence on which he bases his claim.

It is remarkable that Plaintiff makes this argument given the substance of the exhibit at issue:  a direct communication to him, **on February 19, 2019**, with the specific details of the claim he six years later makes against NPC—details he copied and pasted into the central paragraphs of his original and amended complaints.  As precedent from the Fifth Circuit and this

Court makes clear, *see infra* at 4-5, such an exhibit is properly considered as a part of the pleadings when attached to a defendant's motion to dismiss, as it was here.[1]

It is also telling that Plaintiff does not contend that he has—or even has **alleged**—a facially plausible basis for tolling. He devotes just a single sentence of analysis to the issue, contending incorrectly that NPC failed to argue that the amended complaint raised no basis for tolling, but exactly the opposite is true. NPC clearly and correctly argued in its motion to dismiss that there is no basis for tolling because Plaintiff was aware of the alleged actions underlying his claim in 2019 and did nothing until long after the statute of limitations period had passed. Plaintiff's evasion of the substantive issue thus only confirms what NPC explained: Plaintiff has not and cannot plead facts to show he lacked actual or constructive knowledge of the alleged infringement over six years ago—well beyond the limitations period—given that his central exhibit shows that he had that knowledge at that time.

In a last-ditch argument, Plaintiff contends that his conclusory allegations regarding NPC's business need to market its product "well into a period not barred by the statute of limitations" are sufficient to state a claim for a theoretical act of copyright infringement he believes *may have* occurred within the limitations period. A bare allegation that NPC had a product on the market is clearly insufficient to support an allegation of copyright infringement. And Plaintiff's mere belief that litigation might uncover a claim for which there is currently no factual support cannot satisfy his pleading burden, whatever standard he believes might apply.

---

[1] *Cf. In re Ethics Investigation of Allegations Raised by UDF*, No. 4:22-MC-01-O, 2023 WL 3327251, at *24 (N.D. Tex. Feb. 6, 2023), report and recommendation adopted, No. 4:22-MC-01-O, 2023 WL 3322586 (N.D. Tex. May 9, 2023) ("The 'duty of candor' under which lawyers operate . . . is a duty to disclose material facts; esp[ecially] a lawyer's duty not to allow a tribunal to be misled by false statements, either of law or of fact, that a lawyer knows to be false.") (quoting *Candor*, Black's Law Dictionary (10th ed. 2014)); *see also* Fed. R. Civ. P. 11 (noting applicability to unrepresented parties).

Plaintiff's claims are barred by the statute of limitations and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### I.  The Statute of Limitations Bars Plaintiff's Claims

Plaintiff's opposition reads as a concession on limitations and is notable not for what he affirmatively argues, but what he seeks to hide.

As Plaintiff asserts, dismissal of a claim on statute of limitations grounds is proper when the complaint "makes plain that the claim is time-barred" and "raises no basis for tolling." *Petrobras America, Inc. v. Samsung Heavy Industries Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).  None of Plaintiff's arguments in opposition to NPC's motion save his claim from dismissal under this standard.

*First*, Plaintiff contends that his amended complaint does not "make[] plain that [his] claim is time-barred," as required by *Petrobras*, but only because he claims that this Court cannot consider the full exhibit whose text he embedded in the central allegation of that pleading. Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. No. 18) ("Opp.") at 10-11.  As Plaintiff sees it, the Court cannot consider the February 19, 2019 LinkedIn message in which he was informed of the substance of his claim because he attached the message only to his original complaint and chose to omit it from his amended complaint.  That is, Plaintiff has deliberately omitted from his amended complaint his own prior exhibit that shows when he learned of his alleged claim, so as to conceal from the Court the undisputed fact that he had knowledge of the alleged infringement more than six years ago.  Such a deliberate omission raises a serious question about Plaintiff's candor in this matter.  Moreover, the omission of any specific allegations of infringement within the limitations period, in the face of NPC's motion to dismiss

on limitations grounds, makes it fair to assume that Plaintiff cannot allege any such conduct within the limitations period. *Cf. Puente v. Ridge*, 324 Fed. App'x 428 (5th Cir. 2009) ("[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.").

Plaintiff next claims that the message is not sufficiently "central" to his claim to be considered a part of the pleadings, Opp. at 10-11, but this is simply false. *See Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (holding that a district court may consider documents attached to a defendant's motion to dismiss if "the complaint refers to the documents and they are central to the claim"); Mot. at 6-7. The message is the ***only*** evidence he has provided in support of his alleged claim and is also central in determining whether the claim was filed within the applicable limitations period.

According to Plaintiff, a document that is "merely evidence of" and is not "necessary to establish" an element of a plaintiff's claim is not central to the claim and may not be considered on a motion to dismiss. *Id.* For this proposition, Plaintiff cites the unreported findings and recommendation of a United States Magistrate Judge of the U.S. District Court for the Northern District of Texas, which itself quotes a case from the Bankruptcy Court of the same District. *Id.* (citing *Harris v. Amazon.com*, No. 3:22-2279-C-BN, 2023 WL 3311099, at *2 (N.D. Tex. Apr. 18, 2023) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). However, the Fifth Circuit held directly, in *Carter v. Target Corp.*, that documents "essential to determining . . . whether the [claim was] filed within the applicable statute of limitations" are "central to [the] pleadings," and "failure to include them does not allow [the] complaint to bypass [a] motion to dismiss unexamined." 541 Fed. Appx. 413, 417 (5th Cir. 2013); *see also* Mot. at 6-7, 9 (discussing *Carter*).

Further, the Fifth Circuit case the U.S. District Court for the Northern District of Texas cites for the rule on which Plaintiff relies is instructive.[2] *See Kaye*, 453 B.R. at 662 (citing *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536-37 (5th Cir. 2003)). In *Scanlan v. Texas A&M University*, the Fifth Circuit held that the district court erred in considering a final report by a commission tasked with investigating the November 18, 1999 collapse of a bonfire stack at Texas A&M University in concluding, on a motion to dismiss, that the actions of certain University officials did not rise to the level of deliberate indifference as a matter of law. 343 F.3d 533, 537 (5th Cir. 2003). In reaching that conclusion, the Fifth Circuit emphasized that the final report was "essentially a defendant-created report," which among other things "thank[ed] at least one of the University Officials for supporting the special commission's efforts." *Id*. In light of the report's inherent bias, the Fifth Circuit noted that it was "much more central to the University Officials' defenses" and highlighted that, while the report provided some evidence of the plaintiffs' claims, it was "not central" because the plaintiffs "rel[ied] on substantial, other evidence to support their claims." *Id*.

Consistent with the Fifth Circuit's analysis in *Scanlan*, this Court has assigned weight to the degree to which a plaintiff relies upon a document—of any kind, not just a contract, as Plaintiff suggests (Opp. at 11-12)—when deciding whether to consider it on a motion to dismiss. For example, in *Penthol LLC v. Vertex Energy Operating, LLC*, this Court considered letters exchanged between the parties, finding significant the plaintiff's "extensive quoting [of] and referring to the letters in the Complaint" and the plaintiff's use of the letters to "establish the circumstances under which the [a]greement was terminated and breached." No. 4:21-CV-416,

---

[2] The sole opinion Plaintiff cites from this Court, *Morales v. Prudential Financial, Inc.*, No. M-08-235, 2009 WL 311109 (S.D. Tex. Feb. 5, 2009),[2] simply noted in passing that an employee benefits plan is "clearly central" to a claim for benefits under the plan, emphasizing that the plan was "specifically referred to in [the plaintiff's] complaint." *Id*. at *3 n.1.

2021 WL 3571243, at *4 (S.D. Tex. Aug. 12, 2021) (Hanen, J.). Particularly relevant here is the Court's conclusion that the plaintiff's "bare assertion that it could prove the element of breach without the letters" did "not outweigh its heavy reliance upon the letters in its Complaint to establish the manner in which Defendant may have breached the contract." *Id.*³

Here, as in *Penthol*, Plaintiff relies heavily on the LinkedIn message NPC attached to its motion to dismiss, "extensively quoting" nearly the entire message and using it to frame the only substantive allegation he makes in support of his claim. *See Penthol*, 2021 WL 3571243, at *4. Indeed, the LinkedIn message is the ***only*** evidence Plaintiff cites in support of his claim, and it provides the entire alleged support for the ***only*** substantive allegation Plaintiff makes against NPC. If there is any other evidence Plaintiff could use to "prove the element[s] of [his claim] without the [message]," it is entirely unclear what that would be; and in any event, that possibility does "not outweigh his heavy reliance" on the message in his amended complaint. *Id*. (emphasis added).

Further, unlike the report at issue in *Scanlan*, the LinkedIn message is not a document created and attached by NPC to its own motion to dismiss. Rather, this is a document Plaintiff himself attached to his original complaint (when he still believed that it would support his claim) and then strategically omitted in his First Amended Complaint when Plaintiff appears to have realized the implications for statute of limitations purposes. *Scanlan*, 343 F.3d 533, 537. Further distinguishing the cases, Plaintiff here relies on ***no*** "other evidence to support [his] claims"— much less "substantial" additional evidence, as the plaintiffs did in *Scanlan*. *Id*. Nor is the LinkedIn message like the press conference record in *Samuel*, *supra* at 5 n.2, that was "only

---

³ In a case that came out the other way, this Court declined to consider a record of a press conference, finding that the press conference was "not a 'necessary element'" of the plaintiffs' claims because their complaint "only vaguely reference[d] the news conference" and "the issue of the news conference [wa]s not central to the dispute." *Samuel v. City of Houston*, No. 4:22-CV-02900, 2023 WL 6444888, at *3 (S.D. Tex. Sept. 29, 2023) (Ellison, J.).

vaguely reference[d]" in the complaint, and it would be disingenuous to characterize the message here as "not central to the dispute." *Samuel*, 2023 WL 6444888, at *3. To the contrary, the entire dispute could be reduced to the text of the message. What is more, as noted above, the LinkedIn message is squarely within the Court of Appeals' category of documents "essential to determining . . . whether the [claim was] filed within the applicable statute of limitations." *Carter, supra,* 541 Fed. Appx. At 417 (5th Cir. 2013).

*Second*, Plaintiff argues that NPC has "failed to demonstrate or to even argue" that the First Amended Complaint raised no basis for tolling. Opp. at 12. This is just wrong. As NPC argued in its motion, Plaintiff "bears the burden of showing that the discovery rule should toll the limitations period" but "has wholly failed" to plead any "facts to show he lacked actual or constructive knowledge of the alleged infringement." Mot. at 8-9. Nor, as NPC explained, could Plaintiff do so, because "his own document indisputably shows that [he] had actual knowledge of the alleged infringement more than three years ago." *Id*. at 9. NPC noted that Plaintiff's amended complaint "does not dispute" what is clear from the exhibit—"that [Plaintiff] was notified of the alleged event the very day it supposedly occurred, in a February 19, 2019 message from an NPC sales representative." *Id*.

It is also striking that Plaintiff does not contend there is any basis for tolling. Opp. at 12 (arguing only that NPC failed to argue that the amended complaint raised no basis for tolling). Plaintiff does not **mention** the substance of the February 19, 2019 LinkedIn message, much less attempt to argue that he was unaware of his claim that NPC made allegedly improper use of the YouTube Video in 2019 despite it. Also wholly unaddressed is NPC's argument that the message at minimum put Plaintiff on inquiry notice of his other claims. *See* Mot. at 9-11.

*Third*, Plaintiff argues that the Court should apply a "context-specific" approach as it considers whether he has stated a claim for relief within the limitations period. Opp. at 14-18. To support this suggestion, Plaintiff points to case law that he contends indicates that a plaintiff should not be required to state "more specific allegations" than those he made here "in cases of profound information asymmetry." Opp. at 14. But the case Plaintiff cites, *Flagg v. Stryker Corp.*, 647 Fed. Appx. 314 (5th Cir. 2016), addressed a far different complaint than the one in this case. In *Flagg*, a product liability case arising out of an allegedly unsuccessful toe implant surgery, the Fifth Circuit held that the plaintiff's complaint included sufficient "factual enhancement" to satisfy his pleading burden under *Twombly* and *Iqbal* and was not required to contain the "extremely detailed factual allegations" advocated by the defendant. *Id*. at 317-18 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). Indeed, the Fifth Circuit noted that the plaintiff likely could not have stated more specific allegations, noting that he had gone so far as to **retain an expert** to plead a "detailed plausible complaint." *Id*. at 319 (emphasis added).

The plaintiff's allegations in that case contained markedly more detail than those Plaintiff makes in support of his purported claim that NPC infringed his copyright within the past three years.[4] In *Flagg*, the Fifth Circuit concluded that the plaintiff's allegations of "precisely how the [medical device] failed" and "how that failure caused his injury" provided "sufficient information" to "raise a reasonable expectation that discovery will reveal evidence to support the [defendants'] liability." *Id*. at 317. The Fifth Circuit noted that the plaintiff "also claimed that a different alloy other than the Memometal NiTinol would have performed better" and that "the composition of the implant" negatively impacted its performance, supporting "a conclusion that

---

[4] Plaintiff miscites the opinion on which he relies as *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016). He actually relies upon *Flagg v. Stryker Corp.*, 647 Fed. Appx. 314 (5th Cir. 2016).

the alloy used was constructed or composed in a way that deviated from specifications or performance standards," and suggesting "an alternative design existed which would have reduced the risks of the original product." *Id*. at 318.

Here, by contrast, Plaintiff's only allegation of conduct within the limitations period is an unsupported and conclusory assertion that "the last known infringing act committed by Defendant Novartis on Dr. Odaibo's copyright in the video occurred less than three years prior to the date of the filing of his complaint." FAC ¶ 31. This type of threadbare and "unadorned, the-defendant-unlawfully-harmed-me accusation" is clearly insufficient under even basic pleading standards. *Iqbal*, 556 U.S. at 678. Unlike the complaint in *Flagg*, the amended complaint does no more than supply "labels and conclusions" and a "formulaic recitation of the elements." *Flagg*, 647 Fed. Appx. at 315 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[5]

Plaintiff concedes that he has no specific details of any additional copyright infringement by NPC beyond that the alleged event that he contends occurred on February 19, 2019. Opp. at 14 (admitting that Plaintiff "is simply not privy to further specific details of the copyright infringement activities carried out by Defendant"). The only purported assertion that Plaintiff argues he alleged to support such a claim is his allegation that NPC "had a business need—marketing of Beovu—which . . . continued well into a period not barred by the statute of limitations." Opp. at 13; *see also id*. at 18 (alleging that financial reports "show[] that NPC's specific cause (need) and associated activities were measurably ongoing well-into the limitations period"). At best, Plaintiff's allegations reduce to a contention that, because NPC purportedly

---

[5] As for the "asymmetric information" argument that Plaintiff makes, it is a red herring. There is no "asymmetric information" exception to the statute of limitations where a plaintiff has notice of his potential claim. The undeniable fact is that Plaintiff had notice of (and a duty to investigate) his potential claim more than six years ago, but waited years to make any effort to investigate or file a complaint.

committed an infringing act related to Beovu in 2019, and because NPC allegedly continued to have Beovu on the market through 2023, NPC *may have* committed another infringing act at an unidentified time, and that independent infringing act *may have* occurred within the limitations period.  This is patently insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 378 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

Absent a fact-based allegation of infringing conduct within the limitations period, the law is clear: the First Amended Complaint must be dismissed.

## CONCLUSION

Defendant NPC's motion to dismiss should be granted.

Dated: August 5, 2025                     Respectfully submitted,

                                            ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Paul C. Llewellyn*
      Paul C. Llewellyn* - Attorney-in-Charge
      Paul.Llewellyn@arnoldporter.com
      New York Bar No. 2763712
      250 West 55th Street
      New York, NY 10019-9710
      Telephone: +1 212.836.8000
      Fax: +1 212.836.8689

      Amanda S. Thomson
      Amanda.Thomson@arnoldporter.com
      Texas Bar No. 24082376
      S.D. Tex. Bar No. 2932957
      700 Louisiana Street, Suite 4000
      Houston, TX 77002-2755
      Telephone: +1 713.576.2411
      Fax: +1 713.576.2499

**COUNSEL FOR DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION**

*\* Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2025, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that, on August 5, 2025, this document is being served on all counsel and parties of record by email.

      */s/ Amanda S. Thomson*
      Amanda S. Thomson